```
                    United States District Court
                      District of Massachusetts
 _____
                               )
SPRUCE ENVIRONMENTAL           )
TECHNOLOGIES, INC.,            )
                               )
      Plaintiff-Counterclaim   )
      Defendant,               )   Civil Action No.
                               )   15-11521-NMG
      v.                       )
                               )
FESTA RADON TECHNOLOGIES, CO., )
                               )
      Defendant-Counterclaim   )
      Plaintiff.               )
                               )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute between two competitors in the radon extraction business. Plaintiff/counterclaim-defendant Spruce Environmental Technologies, Inc. ("Spruce") claims that defendant/counterclaim-plaintiff Festa Radon Technologies, Co. ("Festa") engaged in false advertising of its fans in violation of 1) the Lanham Act, 15 U.S.C. § 1125(a), 2) the Massachusetts Consumer Protection Act, M.G.L. ch. 93A, §§ 2, 11, ("Chapter 93A"), 3) a Massachusetts statute that prohibits unfair and misleading advertisements, M.G.L. c. 266, § 91 and that Festa committed commercial disparagement. Festa counterclaims that Spruce has, itself, violated the Lanham Act and Chapter 93A and engaged in commercial disparagement. Spruce has filed a motion

for partial summary judgment and, for the reasons that follow, that motion will be denied.

I.  **Factual and Procedural Background**

Spruce, a Massachusetts corporation with a principal place of business in Haverhill, Massachusetts, manufactures and advertises radon mitigation devices, including a line of radon extraction fans.  Festa, a Pennsylvania corporation with a principal place of business in Cranberry, Pennsylvania, similarly manufactures and advertises radon extraction fans.

In April, 2015, Spruce filed a complaint against Festa which, in turn, answered and counterclaimed.  Each party moved for a preliminary injunction.  In July, 2015, the Court enjoined Festa from 1) using inaccurate photos of Spruce's fans and 2) representing that Festa fans have Energy Star and Home Ventilating Institute ("HVI") certifications.  In April, 2016, the Court enjoined Spruce from claiming that its fans were Energy Star certified.

In November, 2016, Spruce filed a motion for partial summary judgment on its claims that Festa violated the Lanham Act and Chapter 93A with false advertisements concerning 1) the color of Spruce's fans, 2) Festa's Energy Star partnership and certification and 3) Festa's HVI membership and certification. Spruce requests that the Court permanently enjoin Festa from publishing those purportedly false advertisements.  Spruce also

moves for the summary dismissal of Festa's counterclaim that Spruce violated the Lanham Act and Chapter 93A by asserting that its fans comply with standards for outdoor use. Festa has timely opposed Spruce's motion for summary judgment which is the subject of this memorandum and order.

## II. Motion for Partial Summary Judgment

### A. Legal Standard for Summary Judgment

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the

entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Application**

### 1. Lanham Act and Chapter 93A

The Lanham Act prohibits "commercial advertising or promotion" that "misrepresents the nature, characteristics, [or] qualities" of a product. 15 U.S.C. § 1125(a)(1)(B). To prevail on a claim brought under that statute, a plaintiff must prove:

> (1) the defendant made a false or misleading description of fact or representation of fact . . . in a commercial advertisement about [its] own or another's product; (2) the misrepresentation is material . . . ; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 310-11 (1st Cir. 2002), cert. denied, 537 U.S. 1001 (2002).

There are two paths to success on a Lanham Act claim. A plaintiff can show that an advertisement is "literally false" in which case consumer deception is presumed. Clorox Co. Puerto

Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 33 (1st Cir. 2000). Consumer deception is also presumed if a plaintiff demonstrates an intentional attempt to confuse consumers. Cashmere, 284 F.3d. at 316. Alternatively, a plaintiff may show that an advertisement is "literally true or ambiguous" but misleads consumers. Chlorox, 288 F.3d at 33.

An advertisement is considered material under the Lanham Act if it is "likely to influence the purchasing decision." Id. at 33, n.6. The materiality requirement is also met if the statement concerns one of the product's "inherent characteristic[s]." Cashmere, 284 F.3d. at 311-12 (quoting Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 855 (2d Cir. 1997)).

When a plaintiff requests only injunctive relief, the injury requirement is relaxed. Instead of requiring that the plaintiff prove "actual harm," courts require that the plaintiff demonstrate only "that the defendant's activities are likely to cause confusion or deceive customers." Id. at 311.

False advertising claims under the Lanham Act and Chapter 93A rise and fall together. Empire Today, LLC v. Nat'l Floors Direct, Inc., 788 F. Supp. 2d 7, 26 (D. Mass. 2011). Thus, if summary judgment is warranted with respect to a Lanham Act claim, it will also be warranted under Chapter 93A.

**2. Spruce's Motion for Summary Judgment on Its Own Claims**

Spruce moves for summary judgment on its claims that Festa violated the Lanham Act and Chapter 93A with false promotions concerning 1) the color of Spruce's fans, 2) Festa's Energy Star partnership and certification and 3) Festa's HVI membership and certification.

**a. The Color of Spruce's Fans**

Spruce asserts that it is entitled to summary judgment on its claim that Festa's promotions violate the Lanham Act and Chapter 93A because they include a photo of a bright yellow Spruce fan when the fans are actually a different shade of yellow or greyish-brown. Spruce further contends that the misrepresentation is material because color is an inherent quality and one of its potential customers suggested in an email that color would affect his purchase decision.

Festa responds that summary judgment is unwarranted because Spruce admits that its fans become more yellow over time and the subject photo is neither literally nor intentionally false. It asserts that, because the customer email on which Spruce relies is hearsay, there is no admissible evidence that the shade of yellow in its advertisements is material or that Spruce has been injured.

Festa is correct that summary judgment is precluded because genuine issues of material fact persist with respect to the

-6-

supposed falsity of the photo, materiality and whether Spruce was injured.  First, with respect the photo's alleged falsity, Daryl Festa, who took the photo and copied it into the promotion, testified that he did not intentionally manipulate or change the photo in any way.  That testimony is corroborated by an expert who examined his camera and computer.  Accordingly, viewing the facts in Festa's favor, a genuine issue of material fact remains as to whether the photos are literally and intentionally false or merely inadvertently misleading.  Consequently, a genuine issue of material fact remains with respect to whether customer deception is presumed.  See Clorox, 228 F.3d at 33; Cashmere, 284 F.3d. at 316.

Second, to meet the materiality requirement, the proponent of a claim must demonstrate that the false statement is "likely to influence the purchasing decision" or involves an "inherent quality or characteristic." Cashmere, 284 F.3d at 311 (quoting Clorox, 228 F.3d at 33, n.6 and Nat'l Basketball Ass'n, 105 F.3d at 855).  As Festa points out, and Spruce does not dispute, the lone consumer email that supposedly shows that color would influence the purchasing decision is hearsay.  Because hearsay may not be considered on motions for summary judgment, the Court will disregard that email. Davila v. Corporacion De Puerto Rico Para La Difusion Publica, 498 F.3d 9, 17 (1st Cir. 2007).

That leaves Spruce's assertion that the bright yellow color is an inherent quality of the fan. Viewing the facts in the light most favorable to Festa, it is unclear whether consumers would find that the difference between the bright yellow in the advertisement and the yellow tint that admittedly develops is an inherent quality. See Nat'l Basketball Ass'n, 105 F.3d at 855. Furthermore, it is unclear whether color of the fan can ever constitute an inherent quality because its purpose is to remove toxic radon, not provide decoration.

Genuine issues of material fact also remain with respect to whether Spruce has been injured.  Spruce makes the hollow assertions that "the effect of an advertisement itself is enormously difficult to prove" and harm to good will is "virtually impossible to prove".  Aside from the single inadmissible email, however, it provides no evidence that it is likely to be injured by customer confusion about the color of the fan. See Cashmere, 284 F.3d. at 311.

Accordingly, given the several issues of material fact, Spruce is not entitled to summary judgment on its Lanham Act and Chapter 93A claims based on the color of the fans. Empire Today, LLC, 788 F. Supp. 2d at 26.

### b. Energy Star Partnership and Certifications

Spruce asserts that it is entitled to summary judgment with respect to its Lanham Act and Chapter 93A claims that Festa

promotions of its fans as Energy Star rated is literally false. Festa concedes that its Energy Star certifications had expired at the time of the advertisements but contends that summary judgment is precluded because Spruce has failed to show that it was injured and has unclean hands.

Festa's contention that Spruce has not demonstrated it was injured by showing that customers were confused or deceived is well taken. As Festa points out,

> [p]laintiff has identified not one customer who even mentioned the Energy Star references . . . much less a lost sale due to these matters.

Thus, a genuine issue of material fact persists with respect to whether Spruce was injured. See Cashmere, 284 F.3d at 310-11.

Moreover, Spruce is not entitled to judgment as a matter of law on its Energy Star claim by virtue of the doctrine of unclean hands. "It is old hat" that when a party requests an equitable remedy a court considers whether that "party has acted in bad faith or with unclean hands." Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 880 (1st Cir. 1995). The doctrine of unclean hands precludes equitable relief when the plaintiff has engaged in "misconduct [that] is directly related to the merits of the controversy between the parties." Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, n. 7 (1st Cir. 2012) (quoting Dr. Jose Ś. Belaval, Inc. v. Peŕez-Perdomo, 488 F.3d 11, 15 (1st Cir. 2007)).

Here, Spruce requests a permanent injunction preventing Festa from falsely advertising that it has Energy Star certifications. Yet, as this Court has already concluded,

> the parties do not dispute that [Spruce] made literally false statements in its advertisements that the RP260 and RP280 models of RadonAway fans were Energy Star Rated.

Spruce Envtl. Techs., Inc. v. Festa Radon Techs., Co., No. 15-cv-11521-NMG, 2016 WL 1611433, at *4 (D. Mass. Apr. 21, 2016). Thus, because Spruce has engaged in misconduct directly related to the equitable relations between the parties and the merits of this case, the Energy Star claim is barred by the doctrine of unclean hands and summary judgment is unwarranted.

### c. HVI Membership and Certifications

Spruce also contends that it is entitled to summary judgment on its Lanham Act and Chapter 93A claim that Festa falsely advertised using photos that included HVI certification labels even though that certification had expired. Festa offers as rejoinder that the small labels in the stock photos are indecipherable and there is no evidence that consumers were confused or misled by them.

The Court agrees that summary judgment is precluded. Genuine issues of material fact persist with respect to three prongs of the Lanham Act analysis. Cashmere, 284 F.3d at 310-11. First, it is unclear whether Festa made a false or misleading statement because there is no evidence that consumers were able

-10-

to decipher the labels in the photos.  Second, it is unclear whether the labels were material.  Finally, it is unclear whether Spruce was injured because it has failed to demonstrate that consumers were adversely affected by the labels. Consequently, Spruce is not entitled to summary judgment.

### 3. Spruce's Motion for Summary Judgment on Festa's Outdoor Use Counterclaim

Finally, Spruce moves for summary judgment of dismissal of Festa's counterclaim that Spruce falsely advertised that its fans are Intertek certified and comply with UL 507 standards for outdoor use.  According to Spruce, its promotion is true because the fans were submitted to Intertek for testing.  Festa responds that genuine issues of material fact remain with respect to 1) whether the fans comply with UL 507, 2) whether Spruce's representation as to outdoor use is implicitly false because the design of the fans has changed and 3) whether the fans could currently pass the water spray test required for outdoor use.

Viewing the record in Festa's favor, genuine issues of material fact remain with respect to whether Spruce is entitled to summary judgment.  Kevin Miller, the Fed. R. Civ. P. 30(b)(6) witness for Intertek, testified at his deposition that only one Spruce fan model has been tested for outdoor certification and that it is impossible to determine which product or model was

tested. Festa also asserts that there are no records showing required inspections of the fans.

Furthermore, Festa's expert witness, Adam Black, conducted tests on the Spruce fans that purportedly demonstrate that they do not comply with the UL 507 standards for outdoor use. Although Spruce raises several objections to Mr. Black's expected testimony, the Court concludes that those objections go to the weight not the admissibility of Mr. Black's testimony. See Cummings v. Standard Register Co., 265 F.3d 56, 65 (1st Cir. 2001). Therefore genuine issues of material fact persist with respect to whether the fans would pass the water test for outdoor use.

Given that it is unclear which fans were certified, whether they were regularly inspected and whether they actually complied with the requirements for outdoor use, Spruce is not entitled to summary judgment on Festa's counterclaims as to outdoor use.

## **ORDER**

In accordance with the foregoing, Spruce's partial motion for summary judgment (Docket No. 139) is **DENIED**.

**So ordered.**

>             /s/ Nathaniel M. Gorton
>             Nathaniel M. Gorton
>             United States District Judge

Dated April 3, 2017